Mario Pittoni, J.
In a proceeding under article 78 of the Civil Practice Act the respondents move pursuant to section 1293 of the Civil Practice Act to dismiss the petition as insufficient.
An examination of the petition reveals that property adjacent to that owned by the petitioners was in a Residence “D” building zone district prior to December 17,1957, but on that date the zone was changed to a Business “ F ” district. On December 19, 1957 the owner of the subject property filed a declaration of restrictions, voluntarily restricting the use of the property to the erection of “ a general office building catering to tenants *61 such as physicians, dentists, lawyers, real estate brokers, insurance brokers, banks, insurance companies, accountants and druggists It was further provided in the declaration that the covenant should run with the land, but be subject to modification, amendment, or rescission by the owner with the consent of the Town Board of the Town of Oyster Bay. On May 2, 1960 the Town Board approved an amendment of the declaration to permit the operation of “a bowling and recreation center ”.
The petitioners contend that the proposed use for bowling alleys will be injurious to their property, and base their claim for relief on the. alleged illegality of the amendment without a public hearing.
Assuming that this proceeding were proper, it is doubtful that it was brought within the time permitted by subdivision 7 of section 267 of the Town Law, -within 30 days after the filing; for the amended declaration was approved on May 2, 1960 and the order to show cause was served on June 13, 1960. But disregarding that possible bar to the proceeding, another defect exists. If, as the petitioners contend, the respondents’ action of May 2, 1960 was an amendment of the building zone ordinance, the propriety of the amendment, a legislative act, could not be reviewed in an article 78 proceeding. (Matter of Summers v. Suozzi, 5 A D 2d 1005; Matter of Paliotto v. Cohalan, 6 A D 2d 886; Matter of Iraci v. Harwood, 6 A D 2d 815.) The court does not believe however that the action of the respondents on May 2, 1960 is reviewable in an article 78 proceeding for another reason. The restrictive covenant imposed on December 19, 1957 was not made a condition to the rezoning of the premises on December 17, 1957. It was a voluntary self-imposed restriction by the owner. The change of zone to a Business “ F ” district was without conditions or qualifications. Therefore, in exercising the privilege conferred upon them by the owner of approving an amendment of the declaration of restrictions, the respondents were not amending the zoning ordinance. Mr. Justice Cortland Johnson wrote in a proceeding involving the same declaration of restrictions in December, 1958, “ as the determination made by the respondents was pursuant to an agreement made with the owner of the subject property, it was not a determination reviewable in an article 78 proceeding. Judicial or quasi judicial determinations alone are reviewable, in the absence of statutory authority, to review a determination of a different character ” (Matter of Lombardo v. Town Bd. of Oyster Bay, N. Y. L. J., Dec. 4,1958, p. 14, col. 3).
The petition is dismissed.