64 N.J. Super. 426 (1960)
166 A.2d 391
GERALD C. McNAMARA, SADDLE RIVER COUNTRY DAY SCHOOL AND CHESTNUT RIDGE LAND CO., INC., PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF SADDLE RIVER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1960.
Decided December 9, 1960.
*429 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Bruce H. Losche argued the cause for defendant-appellant (Messrs. Losche and Losche, attorneys).
Mr. James A. Major argued the cause for plaintiffs-respondents (Mr. James A. Major, II, attorney for plaintiffs-respondents Saddle River Country Day School and Chestnut Ridge Land Co., Inc.; Mr. Frederick J. Gassert and Messrs. Gassert, Murphy and Gassert, attorneys for plaintiffs-respondent Gerald C. McNamara).
Mr. Warren Dixon, Jr. argued the cause for William C. Wollen, amicus curiae.
PER CURIAM.
The background and nature of this action are comprehensively set out in the opinion rendered by Judge Brown in the Law Division. We incorporate it herein by reference. We are in agreement with all of the factual findings and conclusions contained therein and with most of the reasoning by which the court concludes that Ordinance No. 105 is invalid because of the disqualifying interest of Councilman Wollen in its subject matter. It is desirable, however, that we supplement the opinion so that the precise basis for our concurrence in the result may be unmistakable.
The issue is whether or not Councilman Wollen had a disqualifying interest in the subject matter of the ordinance. His motives in voting for it, absent fraud or bad faith, which no one asserts, are immaterial. If there is "interest," there is disqualification automatically, entirely without regard to actual motive, as the purpose of the rule is prophylactic, that is, to prevent the possibility of an official in a position of self-interest being influenced thereby to *430 deviate from his sworn duty to be guided only by the public interest in voting as such official. Van Itallie v. Franklin Lakes, 28 N.J. 258, 268 (1958); Griggs v. Princeton Borough, 33 N.J. 207, 219 (1960). The question whether disqualifying interest exists in any particular case is necessarily factual and depends upon the circumstances of the particular case. Ibid. See cases collected in S. & L. Associates Inc. v. Washington Twp., 61 N.J. Super. 312, 329, 330, 335 (App. Div. 1960).
The inquiry being factual, the court cannot be controlled in its quest for the relevant facts by superficialities or surface appearances. To borrow the famous dictum in Bailey v. Drexel Furniture Company, 259 U.S. 20, 37, 42 S.Ct. 449, 66 L.Ed. 817 (1922) (Child Labor Tax Case), courts must be "blind not to see" truths which "[a]ll others can see and understand." The factual background makes it evident that the ordinance amendment here in question, while general in its surface scope, had for its realistic objective the regulatory restriction or prohibition of the use of the property leased to plaintiff Saddle River Country Day School as a day school. Cf. Cresskill v. Dumont, 15 N.J. 238 (1954). The whole history of this litigation indicates that the property mentioned was the real subject of the ordinance, at least so far as relevant for present purposes. According to Wollen's testimony in depositions offered in evidence, that property was less than 200 feet from his own. The Legislature has declared that the owners of any property within 200 feet of property to be affected by an appeal to a board of adjustment shall be served with notice of the proceedings at least ten days before the hearing. N.J.S.A. 40:55-44. This is tantamount to a declaration of interest in the zoning treatment of a particular property on the part of those owning other property within 200 feet. That declaration accords with common sense, although the line might in some cases justifiably be drawn at a further distance. By analogy, the statute would appear to indicate that the owner of property within 200 feet of property which is the *431 substantial subject of a zoning ordinance amendment may be considered to have an "interest" in the amendment, in the sense presently relevant. We are firm in the view that, in all the surrounding circumstances reflected by this record, there was such disqualifying interest on the part of Councilman Wollen in Ordinance No. 105.
We are satisfied, moreover, that the situation here is comparable with that in Aldom v. Borough of Roseland, 42 N.J. Super. 495 (App. Div. 1956) (per Judge, now Mr. Justice, Francis), so as to warrant the conclusion that the action impugned was sufficiently quasi-judicial in nature to call for application of the principle of disqualifying interest.
In view of the foregoing conclusions we deem it inappropriate to pass upon the validity of the ordinance in the substantive respects debated by the parties. It took Councilman Wollen's concurrence to pass this ordinance by the two-thirds' vote here made necessary by virtue of the applicability of N.J.S.A. 40:55-35. Thus, it is uncertain whether the ordinance will be repassed. See Zell v. Borough of Roseland, 42 N.J. Super. 75, 83 (App. Div. 1956); Aldom v. Borough of Roseland, supra (42 N.J. Super., at p. 509). Moreover, important and debatable questions of zoning law bearing upon the regulation and prohibition of public and parochial schools may be implicated, and it seems wise to defer their solution until a case requiring such determinations presents itself. There is also a question as to the status of the plaintiff McNamara, whose only professed interest in this litigation, although he sues as taxpayer and citizen, is the possibility of sending his children to a parochial school in the municipality if established there in the future. But there is no such school now existent there or any indication from the evidence of the likelihood thereof in the foreseeable future. Quaere as to his present interest in the alleged restrictive effect of the ordinance upon such schools? None of these questions need be decided unless the ordinance is properly repassed and challenged anew.
Judgment affirmed; no costs.