James D. Hopkins, J.
This proceeding under article 78 of the Civil Practice Act is instituted for an order (1) setting *598 aside the report and recommendation of the Planning Commission of the City of Bye; (2) setting aside the resolution of the Common Council of the City of Bye approving such report and recommendation, and (3) directing both the Planning Commission and Common Council to grant the petitioner a new hearing on his application for authorization to construct apartment buildings on land in the City of Bye. The Planning Commission’s report recommended a denial of petitioner’s application after a public meeting, but not a public hearing; the resolution of the Common Council approved the report without a public hearing.
Upon the return day of the proceeding, the respondents (the members of the Planning Commission and of the Common Council) moved to dismiss the petition on the ground that it failed to state facts to entitle the petitioner to the relief sought (Civ. Prac. Act, § 1293). For the purposes of the motion, the well-pleaded facts in the petition are admitted (Matter of Grimm, 8 A D 2d 689; Matter of Guzzetta v. Carey, 8 Misc 2d 759).
The petitioner alleges that he is the contract vendee of parcels of real property in the City of Bye, consisting of 17.75 acres; that he is authorized by the owners of other parcels of real property to apply for rezoning for apartment use; and that other owners of parcels of real property with whom the petitioner has been negotiating for the purchase of their land are willing to sell, but unwilling to grant an option pending a rezoning application. In all, the parcels aggregate approximately 40 acres.
The petitioner submitted two letters to the Common Council, embodying two separate applications for rezoning of the described property, designated respectively “Application No. 1 ”, and “ Application No. 2 ”. Since the latter was thereafter withdrawn, we concern ourselves only with the first application. That application requested a hearing -before the Planning Commission for the authorization of the construction of luxury apartments. The described property is presently zoned as B-l (residential- — -1 acre). The Common Council, in accordance with its policy, referred the application for report and recommendation to the Planning Commission.
No public hearing was held by the Planning Commission, but at a public meeting, at which the petitioner appeared, as well as residents in the vicinity, the application was discussed. About two months later, the petitioner requested the Planning Commission by letter to place his application on the calendar of a subsequent meeting. At that meeting, following the *599 submission by the petitioner of a revised plan for the erection of luxury apartments, petitioner’s application was again discussed by petitioner, residents in the vicinity, and members of the Planning Commission, at a public meeting of the Planning-Commission. No public hearing was held.
Thereafter, the Planning Commission received a report from John T. Howard, a planning consultant employed by the City of Bye; that report found that petitioner’s application should not be granted because it ‘1 would be contrary to the development plan, community objectives and public interest of the City of Bye, would jeopardize property values and cause inequities to residents within the City, and would be inimical to the tranquility and general welfare of the community.” This report was adopted as the recommendation of the Planning Commission to the Common Council. The Common Council by resolution approved the report and refused the petitioner’s application. No public hearing was held with respect to either action.
In essence, the petitioner’s complaint is that the procedures adopted by the public bodies relating to his application were contrary to law, and that he has been denied due process.
The Charter of the City of Bye (L. 1940, ch. 505, as amd.) vests the legislative power in the City Council (§§ 31, 71). The charter (§§ 270, 272) creates the Planning Commission, having all the powers granted by article 3 of the General City Law. Appeals from decisions of the Planning Commission are taken in accordance with law (charter, § 273).
The Common Council possesses the power to adopt a zoning-ordinance (General City Law, § 20, subds. 24, 25; § 83), and has done so (Bevised Building Zone Ordinance, enacted May 2, 1956, as amd.). That ordinance provides for B-l zone (one-family district, with minimum lot size of one acre) and BA-1, BA-2, and BA-3 zones (apartment districts, with prescribed minimum areas per family for each district), among others. The ordinance further provides for the submission of development plans for apartment houses to the Planning* Commission for approval, in the same manner as provided for the approval of a subdivision.
Article 3 of the General City Law limits the powers of a city planning- commission to certain specific subjects: (1) the adoption of a master plan (§ 28-a); (2) reports to the local legislative body concerning changes in the official map (§ 29); (3) reports to the local legislative body concerning matters referred by general or special rule (§ 30); (4) reports and recommendations relating to the planning and development *600 of the city (§ 31); (5) the approval of subdivision plats, if authorized by ordinance or resolution of the local legislative body (§§ 32, 33); and (6) the making of reasonable changes in the zoning regulations simultaneously with the approval of the subdivision plat, if so authorized by the local legislative body (§ 37). Certain of the powers thus prescribed must be exercised after a public hearing, such as those indicated by (1), (5), and (6) above; others do not require a public hearing, such as those indicated by (2), (3), and (4) above.
There is nothing in the record before the court to demonstrate that the Common Council has delegated its power for the rezoning of land for apartment house purposes to the Planning Commission. The evidence is otherwise. The petitioner made his application to the Common Council, and was told by the City Clerk that such applications for rezoning were referred as a matter of policy to the Planning Commission for its report and recommendation. The Zoning Ordinance provides for approval of apartment house developments by the Planning Commission, and such proceeding would require a public hearing, just as the approval of a subdivision plat (General City Law, § 32), but obviously that proceeding presupposes that the development proposed embraces land already zoned for that type of apartment house use. There is no evidence in this record that the Common Council ever delegated to the Planning Commission the power to make zoning changes as a concomitant to the approval of a subdivision plat (cf. General City Law, § 37).
We are accordingly brought to the conclusion that the petitioner’s prayer for relief is founded simply on the failure of the Common Council to entertain his application for rezoning. The courts may not interfere in the exercise or nonexercise of legislative power lodged in a legislative body through an article 78 proceeding (Homefield Assn. of Yonkers v. Frank, 273 App. Div. 788, affd. 298 N. Y. 524; Miner v. City of Yonkers, 19 Misc 2d 321, affd. 9 A D 2d 907; Matter of Pelham Jewish Center v. Board of Trustees, 9 Misc 2d 564, affd. 6 A D 2d 710; Schachter v. Burns, 24 Misc 2d 60; Matter of Firestone v. Town Board, 134 N. Y. S. 2d 882). Hence, that the nonexercise of legislative power necessarily implies a failure to call a public hearing on the petitioner’s application adds nothing to the petitioner’s complaint. Nor was the Planning Commission compelled to hold a public hearing on plaintiff’s application, since it was acting in an advisory capacity under a reference from the legislative body (cf. Matter of Milton Point Assn. v. Clark, 14 Misc 2d 633; General City Law, § 30).
*601 The petitioner also contends that the membership of the Planning Commission is illegally composed. The view that we have taken with respect to the merits implicitly disposes of this point, but we have examined the statutes, and find no violation of law in that provision of Local Law No. 3, 1959, of the City of Eye (amdg. Charter of City of Eye, § 270), requiring that one member of the Planning Commission shall be a member of the Common Council (General City Law, § 27; cf. Commission of Public Charities of City of Hudson v. Wortman, 255 App. Div. 241, affd. 279 N. Y. 711). Nor do we find that another member of the Planning Commission who was a member of a civic organization of residents in the vicinity of the described property was disqualified per se from considering the application. It follows that the respondents’ motion to dismiss the petition must be granted.