718 P.2d 1223

Fran FERGUSON and Margaret Thomas, Appellants-Respondents on appeal to the Supreme Court,

v.

The BOARD OF COUNTY COMMISSIONERS FOR ADA COUNTY, Ed Riddle, Bill Gratton, and Vern Emery, Commissioners, Respondents-Respondents on appeal to Supreme Court,

and

Fred Meyer Real Estate Properties, Ltd., Intervenor-Appellant on appeal to Supreme Court.

No. 15952.

Supreme Court of Idaho.

May 7, 1986.

Fran Ferguson, pro se.

Lee B. Dillion, of Chandler & Dillion, Ctd., Boise, for intervenor-appellant.

Greg H. Bower, Ada County Pros. Atty., Stephen A. Bradbury, and Phillip J. Collaer, Deputy Pros. Attys., Boise, for respondents-respondents.

PER CURIAM.

The subject of this appeal is a 14-acre parcel of real property located at the southwest quadrant of the intersection of Overland and Five-Mile in Ada County. In August of 1976, Anna and William Nielson, Senia and Raymond Inglin and Clemintina and Angus Hill (applicants), filed an application with Ada County seeking to have the parcel rezoned from D–2 (suburban district)

to C–1 (neighborhood commercial). At the time of the application, the property occupying the other three quadrants of the intersection had been rezoned for commercial development.

The Zoning Commission heard the application on September 30, 1976, and recommended its approval. The application was then heard by the Board of Ada County Commissioners on November 22, 1976. On December 7, 1976, the board denied the application finding that it was not in compliance with the Ada County Comprehensive Plan.

The applicants appealed to the district court. Judge Durtschi, believing the record created by the board to be inadequate, ordered the appeal heard as a trial de novo. In a Memorandum Decision dated August 9, 1978, he reversed the board's decision, concluding that the rezone should be permitted. Judge Durtschi reasoned that the board's decision was arbitrary and capricious in the face of the past rezoning of the surrounding property.

The board then appealed to this Court. In *Hill v. Board of County Commissioners*, 101 Idaho 850, 623 P.2d 462 (1981), we held that the applicable Idaho Code sections did not provide for a trial de novo and reversed and remanded the case for fur-

ther proceedings in accordance with I.C. § 67–5215(b) through (g). Thereafter, the district court remanded the matter back to the board for hearings in compliance with the Local Planning Act of 1975, I.C. §§ 67–6501 to –6536.

After several public hearings and work sessions, the board, on August 31, 1983, issued its findings of fact and conclusions of law approving the rezone. The board concluded that while the rezone was not in strict compliance with the Ada County Comprehensive Plan, a denial would be arbitrary and capricious in light of past actions approving rezoning of the adjacent properties. Following approval, the applicants sold the property to appellant, Fred Meyer, on October 5, 1983.

On October 27, 1983, Fran Ferguson and Margaret Thomas, neighboring property owners, filed an appeal from the rezone in district court. On August 26, 1984, Judge Bruce heard oral argument in the matter. By court order dated August 1, 1984, Fred Meyer was allowed to intervene. In a written opinion dated March 27, 1985, Judge Bruce concluded that because the proposed rezone was inconsistent with the Ada County Comprehensive Plan the board was prohibited, under I.C. § 67–6511[1] and subsequent case law, from granting the appli-

---

1. I.C. § 67–6511 reads in pertinent part:

"**67–6511. Zoning ordinance.**—Each governing board shall, by ordinance adopted, amended, or repealed in accordance with the notice and hearing procedures provided under section 67–6509, Idaho Code, establish within its jurisdiction one (1) or more zones or zoning districts where appropriate. The zoning districts shall be in accordance with the adopted plan.

" . . .

"Ordinances establishing zoning districts shall be amended as follows:

"(a) Requests for an amendment to the zoning ordinance shall be submitted to the zoning or planning and zoning commission which shall evaluate the request to determine the extent and nature of the amendment requested.

"(b) If the request is in accordance with the adopted plan, the zoning or planning and zoning commission may recommend and the governing board may adopt or reject the ordi-

nance amendment under the notice and hearing procedures provided in section 67–6509, Idaho Code, provided that in the case of a zoning district boundary change, additional notice shall be provided by mail to property owners or purchasers of record within the land being considered; three hundred (300) feet of the external boundaries of the land being considered; and any additional area that may be impacted by the proposed change as determined by the commission. Notice shall also be posted on the premises not less than one (1) week prior to the hearing. When notice is required to two hundred (200) or more property owners or purchasers of record, alternate forms of procedures which would provide adequate notice may be provided by local ordinance in lieu of mailed notice.

"(c) If the request is not in accordance with the adopted plan, the request shall be submitted to the planning or planning and zoning commission or, in absence of a commission, the governing board, which shall recommend

cants' request for a rezone. Therefore, the court reversed the board's decision approving the rezone. Fred Meyer appeals from that reversal.

It is clear from the record below that Judge Bruce arrived at his decision that the language of I.C. § 67–6511(b) prohibited the instant rezone without the benefit of our recent decisions interpreting that section.

"The question for the court is: can boards rezone suburban residential property to commercial property, without first amending the comprehensive plan? This argument can easily be reduced to a form versus substance argument. The form and letter of the law clearly establish the merits of the appellants' [Ferguson's and Thomas'] case. The equities and substance of the law lie clearly with the board. This presents the court with a unique dilemma: Whether to be technically correct and substantively unjust, or to be substantively correct and technically wrong.

" . . .

"As appealing and meritorious as the board's equity arguments are, they fail to cite us to any legal authority to support them."

In *Bone v. City of Lewiston,* 107 Idaho 844, 693 P.2d 1046 (1984), and the cases following it, this Court provided that authority. In *Bone,* a unanimous Court held that the "in accordance with" language of I.C. § 67–6511(b) does not mean that a zoning ordinance's land use designation must be exactly the same as the corresponding designation in the comprehensive plan.

The applicant in *Bone* sought to have his land rezoned from low density residential use to limited commercial use. The city of Lewiston's land use map showed Mr. Bone's land as zoned for commercial use. Bone argued that pursuant to § 67–6511

the city was required to rezone his property in conformance with the map. On appeal, we rejected Bone's argument holding that "a city's land use map does not require a particular piece of property, as a matter of law, to be zoned exactly as it appears on the land use map." *Id.* at 850, 693 P.2d at 1052. Rather, we held that the question of whether a zoning ordinance is in accordance with the applicable comprehensive plan is a question of fact for the trier of fact.

"What a governing body charged to zone 'in accordance with' under § 67–6511 must do is make a factual inquiry into whether the requested zoning ordinance or amendment reflects the goals of, and takes into account those factors in, the comprehensive plan in light of the present factual circumstances surrounding the request." *Id.* See also, *Balser v. Kootenai County Board of Commissioners,* 110 Idaho 37, 39, 714 P.2d 6, 8 (1986); *Love v. Board of County Commissioners of Bingham County,* 108 Idaho 728, 730, 701 P.2d 1293, 1295 (1985).

The instant case differs from *Bone* in that the applicants herein are not seeking to have their land zoned as it is shown in the comprehensive plan. Both the comprehensive plan and the present zoning ordinance designate the land as residential. Fred Meyer seeks to have it rezoned to allow commercial development. However, despite the difference in the factual settings, the reasoning of *Bone* is still applicable.

As we stated in *Bone,* the question of whether a zoning ordinance is "in accordance with" the comprehensive plan is a factual question which can be overturned only where the factual findings are clearly erroneous. The governing body charged with zoning—in this case the board of

and the governing board may adopt or reject an amendment to the plan under the notice and hearing procedures provided in section 67–6509, Idaho Code. After the plan has been

amended, the zoning ordinance may then be amended as provided for under section 67–6511(b), Idaho Code."

county commissioners—must make a factual inquiry to determine whether the requested rezone reflects the goals of, and takes into account those factors in, the comprehensive plan in light of the present factual situation surrounding the request. The district court's review of these findings is governed by I.C. § 67–5215(b) through (g). Pursuant to that section, the findings may only be overturned where they are clearly erroneous in view of the evidence in the record. *Love, supra* at 730, 701 P.2d at 1295.

In the instant case, the board issued written findings of fact and conclusions of law and voted to approve the requested rezone based on those findings. The board determined that because the other three quadrants of the affected intersection had already been rezoned for commercial development, it would be a discriminatory application of the zoning power not to allow commercial development in the southwest quadrant of the intersection as well.

In 1968, when the applicable comprehensive plan and zoning ordinance were adopted,[2] all the property surrounding the intersection was in the same use district. All the property, with the exception of a small parcel zoned C–2 (highway commercial) on which an existing store was located, was zoned D–2. Pursuant to the 1968 comprehensive plan, a D–2 district was one "established to reserve agricultural lands which are likely to undergo a more intensive urban development during the planning period."

However, in 1976, the date of the instant application, all the surrounding property, except the small C–2 parcel on the northeast corner of the intersection, had been rezoned. The remainder of the property in the northeast corner was zoned C–1 (neighborhood commercial) as was the property on both the northwest and southeast corners. Currently, each of the those corners contains a major shopping center: Five Mile Plaza on the northeast corner, Elm Park Center on the northwest, and Country Square on the southeast. The rest of the surrounding property had been rezoned residential, either R–4 (suburban residential) or R–5 (transitional residential). Thus, by 1976—and the analogy is even more apt today—the applicants' property was an island of agricultural land in the midst of a sea of commercial and residential development. Recognizing this fact, the zoning board found that it would be arbitrary and capricious not to allow the zone change.

■ The district court, acting without the benefit of *Bone*, applied an incorrect standard of review, holding, as a matter of law, that a zoning amendment must conform exactly to the existing comprehensive plan. Since the district court was acting in its appellate capacity, in the appeal to this Court we can review the record independently of the district court's decision. *First Interstate Bank of Idaho, N.A. v. West*, 107 Idaho 851, 693 P.2d 1053 (1984). This Court's case law has made it clear that reclassification of individual property is valid when non-conforming uses are so pervasive that the character of the neighborhood has actually changed from the purported zoning classification. *Dawson Enterprises, Inc. v. Blaine County*, 98 Idaho 506, 515–16, 567 P.2d 1257, 1266–67 (1977), *overruled on other grounds, Cooper v. Board of County Com'rs, supra*. That is precisely what has occurred in the present case, where the applicants' property is the only property in the area which has not be rezoned. Clearly, the land surrounding the intersection of Five Mile and Overland, having undergone intensive commercial development, is no longer agricultural.

Having reviewed the record, we conclude that the board's decision is supported by substantial evidence and is not clearly erro-

---

**2.** Both the comprehensive plan and the zoning ordinance have since been replaced. However, the rule in Idaho is that the application is viewed under the law in effect at the time it was submitted. *Cooper v. Board of County Com'rs*, 101 Idaho 407, 412, 614 P.2d 947 (1980).

neous. Accordingly, we reverse the decision of the district court, and affirm the decision of the board of county commissioners granting the requested rezone.

Costs to appellant.

No attorney fees on appeal.