735 P.2d 1008

David MANOOKIAN, an individual; Larry Stone, an individual; and Mark Richert, an individual, Plaintiff-respondents,

v.

BLAINE COUNTY; Blaine County Board of Commissioners, Rupert House, Dan Mackey, Robert Gardner, Commissioners, Defendant-appellants.

and

Idaho Power Company, a Maine corporation, Defendant.

David MANOOKIAN, an individual, Plaintiff-appellant,

and

Larry Stone, an individual; and Mark Richert, an individual, Plaintiffs,

v.

BLAINE COUNTY; Blaine County Board of Commissioners, Rupert House, Dan Mackey, Robert Gardner, Commissioners; Idaho Power Company, an Idaho corporation, Defendant-respondents,

and

Idaho Power Company, a Maine corporation, Defendants.

David MANOOKIAN, an individual, Plaintiff,

and

Larry Stone, an individual; and Mark Richert, an individual, Plaintiff-appellants,

v.

BLAINE COUNTY; Blaine County Board of Commissioners, Rupert House, Dan Mackey, Robert Gardner, Commissioners, Defendant-respondents,

and

Idaho Power Company, a Maine corporation, Defendant.

Nos. 16118, 16209 and 16258.

Supreme Court of Idaho.

March 30, 1987.

Sandra L. Shaw, Blaine County Pros. Atty., Hailey, for appellant Blaine County.

Barry J. Luboviski, Ketchum, for respondents Stone and Richert.

Michael F. Donovan, Ketchum, for respondent Manookian.

BAKES, Justice.

The issue in this case is whether I.C. § 67–6506 [1] prohibits a member of a plan-

---

1. **67–6506. Conflict of interest prohibited.**—A governing board creating a planning, zoning, or planning and zoning commission, or joint commission shall provide that the area and interests within its jurisdiction are broadly represented on the commission. A member or employee of a governing board, commission, or joint commission shall not participate in any proceeding or action when the member or employee or his employer, business partner, business(,) associate, or any person related to him by affinity or consanguinity within the second degree has an

ning and zoning commission or a member of the county board of commissioners from taking part in the zoning process set forth in the Idaho Local Planning Act, I.C. §§ 67-6501 *et seq.*, when that member owns property that may be economically impacted by the subsequent decision. The appellants, Blaine County and the Blaine County Board of County Commissioners, appeal a district court decision which reversed the county commissioners' approval of a conditional use permit for construction of an electrical power transmission line because the court found that a conflict of interest existed between officials involved in the zoning proceedings and the subject of those proceedings. The district court concluded, on the peculiar facts of this case, that I.C. § 67-6506 had been violated. We affirm except as to costs, which we award to respondents.

The alleged conflict of interest question centered around the participation in the zoning process of two men, Robert Gardner and Nick Purdy. Robert Gardner was a member of the Blaine County Planning & Zoning Commission and subsequently, in January, 1983, became a member of the Blaine County Board of County Commissioners. Nick Purdy was at all times relevant herein a member and chairman of the Blaine County Planning & Zoning Commission.

The proceedings which precipitated this appeal are as follows. In March, 1982, Idaho Power Company applied to the Blaine County Planning & Zoning Commission for a conditional use permit for the construction of an electrical power substation and transmission lines along a route that we will refer to as the "Idaho Power route." The "Idaho Power route," as originally proposed, ran through property owned by the Purdys and Gardner. Idaho Power had acquired all but one of the necessary easements for this route, including one purchased from Nick Purdy. The one easement Idaho Power did not have along the original route was from Gardner. Three people objected to the "Idaho Power route." They were Nick Purdy, his father, Bud Purdy, and Gardner.

Public hearings were held in May of 1982 on Idaho Power's proposed route for the transmission line. On July 10, 1982, the Blaine County Planning & Zoning Commission approved Idaho Power's request to build the line, but came up with a different route from the one proposed by Idaho Power. This new route, referred to as the "desert route," was proposed to the Blaine County Planning & Zoning Commission by Gardner and followed a line which runs through the sagebrush desert away from his and the Purdys' property. The Blaine County Planning & Zoning Commission approved Gardner's suggested route, with Gardner voting. Nick Purdy did not vote, but participated in the proceedings and strongly advocated the "desert route."

This "desert route" approved by the Blaine County Planning & Zoning Commission allegedly created problems for wildlife and endangered plants, as well as $470,000 in additional costs. As a result Idaho Power, the Idaho Conservation League, and the Sierra Club appealed that decision to the Blaine County Board of County Commissioners. The commissioners affirmed part of the "desert route" as proposed by the Blaine County Planning & Zoning Commission, but refused to allow the transmission lines to pass through the desert. The commissioners proposed a third route, known as the "toe of the hills route," which passes along the foothills in the Silver Creek area of Blaine County. This third route crossed through property owned by the respondents Manookian, Stone, and Richert.

In subsequent proceedings before the Blaine County Planning & Zoning Commission the "toe of the hills route" was approved, and Manookian, Stone and Richert appealed the approval to the Blaine County Board of County Commissioners. By this time, Gardner was a member of the board of commissioners, and he acknowledged that he had a possible conflict of interest.

economic interest in the procedure or action. Any actual or potential interest in any proceeding shall be disclosed at or before any meeting

at which the action is being heard or considered. A knowing violation of this section shall be a misdemeanor.

While he did not vote, he did participate in the proceedings. Nick Purdy had also participated in the proceedings before the Blaine County Planning & Zoning Commission, before declining to vote, citing a possible conflict of interest. On July 18, 1983, the commissioners rejected the respondents' appeal and approved the "toe of the hills route." Manookian, Stone and Richert then appealed to the district court pursuant to I.C. § 67–5215.

After reviewing the record and hearing the argument of counsel, the district court filed a memorandum decision and order on June 3, 1985, finding that Purdy and Gardner had an economic interest in the proceedings before them. The district court went on to hold that that participation was in violation of I.C. § 67–6506 and, therefore, the decision of the Planning and Zoning Commission and the Board of County Commissioners was illegal and without force and effect. The district court reversed the decision of the Blaine County Board of Commissioners and remanded the case to the Blaine County Planning & Zoning Commission for further proceedings.

The Blaine County Board of County Commissioners appealed the district court's decision to this Court. The respondents Manookian and Stone filed a cross appeal for costs incurred in the proceedings before the Blaine County Planning & Zoning Commission and the board of county commissioners (which were denied by the district court in the original proceeding) and for attorney fees for this appeal.

The issue which we must decide is whether the district court erred in concluding from the record that Nick Purdy and Robert Gardner's participation in the zoning process conflicted with I.C. § 67–6506, which prohibits members of a planning and zoning commission or a board of county commissioners from taking part in proceedings in which they have an economic interest. For the following reasons we affirm the district court.

## I

As a preliminary matter we must address appellants' argument that, because the issue of the "conflict of interest" was not raised before the Blaine County Board of County Commissioners under the Administrative Procedure Act, I.C. §§ 67–5201 et seq., it could not be raised for the first time on appeal to the district court. After reviewing the record of the proceedings before the commissioners and the Planning and Zoning Commission, it is clear that the "conflict of interest" issue was before both of those bodies. While the issue may not have been presented by a formal motion, the issue was raised and considered below, and both Purdy and Gardner *ultimately* disqualified themselves from further participation based upon that issue and the statute.

The distinction must be made between an issue not formally raised below and an issue that was never raised below. Where an issue never surfaced below, it is not proper for it to be raised on appeal. *See, e.g., Balser v. Kootenai County Bd. of Comm'rs*, 110 Idaho 37, 714 P.2d 6 (1986). However, I.R.C.P. 15(b) states, "When issues not raised ... are tried by specific or implied consent of the parties, *they shall in all respects* be treated as if they were raised in the pleadings." (Emphasis added.) *See Kolp v. Bd. of Trustees*, 102 Idaho 320, 629 P.2d 1153 (1981). Because the issue of Gardner's and Purdy's "conflict of interest" was implicitly before the Board of County Commissioners, and was considered and passed upon by Gardner and Purdy when they disqualified themselves, that issue is appropriately considered by the district court.

## II

The district court concluded from the record:

"that Nick Purdy and Robert Gardner had an economic interest in the matters presented to them for decision and that their participation in the hearings before the Planning and Zoning Commission constituted a violation of I.C. § 67–6506, which participation renders the decision of the Blaine County Planning and Zoning Commission and the Board of County

Commissioners illegal and without force and effect."

After reviewing the record it is clear that this conclusion is supported by the record. Appellants argue that the placement of the power lines on their property would not create an economic impact sufficient to invoke I.C. § 67–6506. The statute is not ambiguous. The legislature intended to prohibit economic conflicts of interest. In adopting 67–6506, the legislature acted to assure that, consistent with our democratic principles, only impartial and objective persons make decisions affecting other persons' liberty and property.

■ The policy behind the statute is essential because, under the Idaho Administrative Procedure Act, I.C. §§ 67–5201 *et seq.*, the findings of fact of an administrative agency are subject to review only under the "substantial evidence test" on appeal to a district court. I.C. § 67–5215(f), (g)(5); *Van Orden v. State Dept. of Health & Welfare*, 102 Idaho 663, 637 P.2d 1159 (1981). In Idaho a district court may reverse a zoning decision only if one of the grounds set forth in subsection (g) of this section is found to exist. *Love v. Board of County Comm'rs*, 108 Idaho 728, 701 P.2d 1293 (1985). With appellate review so limited, it is imperative that biased or potentially biased commissioners be barred from participating in the zoning procedure.

■ Appellants argue that the construction of a high voltage public utility transmission line across a person's property does not have the type of economic effect contemplated by 67–6506 on that property. We disagree. First, construction of such a development requires not only zoning approval but also the purchasing of easements from the affected property owners. In this case, Purdy had already sold Idaho Power an easement creating a measurable economic impact on his property. Second, by their very nature, utility transmission lines impact the land they occupy both visually and physically. Depending on the present and future use of the property, there are innumerable ways the effects could be encountered. For example, the location of transmission lines may render property unsuitable for residential use and thereby foreclose that possibility of future development to the landowner. Suffice it to say that the location of such lines could adversely affect the property, and this adverse effect can be quantified in economic terms.

I.C. § 67–6506 pronounces in clear and unambiguous terms that where a conflict of interest exists a commission member *"shall not participate in any proceeding or action...."* The record shows that both Purdy and Gardner did "participate" in the zoning proceedings up until the last minute before disqualifying themselves when the voting took place. Because of the inherent economic interest of Purdy and Gardner in the affected land, they were barred from participating in the proceedings.

I.C. § 67–5215(g)(2) allows a reviewing court to reverse a zoning decision where the appellant has been prejudiced because the administrative decision is made "in violation of ... statutory provisions." Purdy's and Gardner's participation violated I.C. § 67–6506. Accordingly, we affirm the district court's reversal.

### III

■ Respondents argue on appeal for costs and attorney fees. The district court ruled that (1) respondents were not entitled to attorney fees under I.C. § 12–107 and I.R.C.P. 54(d)(1) because they were not the prevailing party, and (2) that under Idaho Appellate Rule 41, Attorney Fees on Appeal, respondents were not entitled to attorney fees because it was impossible for the district court to determine whether the appeal has been defended frivolously or unreasonably. We reverse the district court as to the issue of costs because the record clearly demonstrates the respondents were the prevailing party in the district court. We affirm the district court as to respondents' request for attorney fees under I.A.R. 41. The appeal raised an arguable question over the interpretation of I.C. § 67–6506, and the outcome was not immediately apparent.

## CONCLUSION

We affirm the district court's findings that the approval of Idaho Power conditional use permit was rendered null and void by the conflict of interest created by Purdy's and Gardner's participation in the proceedings. We also affirm the district court's refusal to give attorney fees, but we reverse the district court on the issue of costs and order that costs in the district court be awarded to respondents.

Costs on appeal to respondents. No attorney fees allowed.

DONALDSON, BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, Chief Justice, dissenting.

For the following reasons, I dissent to the majority opinion.

First, I cannot agree with the majority's quick dismissal of appellants' contention that the issue of "conflict of interest" could not be raised before the district court because the issue had not been raised below.

The majority attempts to make a distinction between an issue not "formally" raised and an issue that was never raised. I do not see the distinction. I find the majority's reliance upon I.R.C.P. 15(b) to be unsupportive of their position. As quoted by the majority, I.R.C.P. 15(b) states, "When issues not raised ... are tried by specific or implied consent of the parties, they shall in all respects be treated as if they were raised in the pleadings." The key phrase here is "specific or implied consent." The rule refers to whether one has *allowed* an issue to be raised during trial that was not raised in the pleadings. I do not find support in the record for the majority's contention that the issue was "implicitly" before the court. The fact that both Purdy and Gardner ultimately disqualified themselves from voting on the zoning plans does not in itself interject the "conflict of interest" issue into the proceedings.

In *Balser v. Kootenai County Board of Commissioners*, 110 Idaho 37, 714 P.2d 6 (1986), this Court held that the landowners could not argue, on appeal from the Board of County Commissioners, that the county had failed to amend the zoning ordinance as mandated by I.C. § 67–6514, where the issue had not been raised in proceedings before the board.

Further, in *M.K. Transport v. Grover*, 101 Idaho 345, 612 P.2d 1192 (1980), this Court held that the requirement that the unpleaded issues be tried by at least the implied consent of the parties assures that the parties have notice of the issues before the court and an opportunity to address those issues with evidence and argument. *See Cook v. City of Price, Carbon County, Utah*, 566 F.2d 699 (10th Cir.1977); *Cox v. Fremont County Public Building Authority*, 415 F.2d 882 (10th Cir.1969); *Otness v. United States*, 23 F.R.D. 279 (D.Alaska 1959). The Court in *MBI Motor Co., Inc., v. Lotus/East, Inc.*, 506 F.2d 709 (6th Cir.1974) states:

> Implied consent to the trial of an unpleaded issue is not established merely because evidence relevant to that issue was introduced without objection. At least it must appear that the parties understood the evidence to be aimed at the unpleaded issue.

I find nothing in the record indicating that the appellants had notice of the "conflict of interest" issue or, that they addressed the issue with evidence or argument before the county commissioners. Therefore, I would reverse the district court's perusal of this issue.

Second, I disagree with the majority's affirmance of the district court's conclusion "that Nick Purdy and Robert Gardner had an economic interest" in the zoning plan.

According to I.C. § 67–6506, a member of the planning and zoning commission participating in a zoning proceeding may be disqualified for bias or interest. *See generally, Josephson v. Planning Board of the City of Stamford*, 151 Conn. 489, 199 A.2d 690 (1964); *Montgomery County Board of Appeals v. Walker*, 228 Md. 574, 180 A.2d 865 (1962); *McNamara v. Borough of Saddle River*, 60 N.J.Super. 367, 158 A.2d 722 (1960), *affd.* 64 N.J.Super. 426, 166 A.2d 391 (1960). Broadly, it may be said that in order to disqualify an officer

from a zoning proceeding, there must be a clear showing of a direct, personal, and concrete interest in the outcome of the proceedings. The interest must be other than the general interest of members of the community. *See Van Itallie v. Borough of Franklin Lakes*, 28 N.J. 258, 146 A.2d 111 (1958), wherein the court held that if every remote interest were to disqualify zoning officers, capable men would be discouraged from holding public office, so that while courts should scrutinize the circumstances with great care and should condemn anything which indicates corruption or favoritism, the actions of municipal officials should not be approached with a general feeling of suspicion. *See also, Gellis v. Clark*, 32 Misc.2d 597, 223 N.Y.S.2d 783 (1961) in which the court held that a member of the planning commission was not disqualified per se merely because he was also a member of a civic organization of residents in the vicinity of the described property.

Clearly, there must be more evidence in the records to support the existence of an "economic interest." The majority purports to rely upon the "substantial evidence" test in reaching its conclusion. I.C. § 67–5215(f), (g)(5). However, the majority does not, it appears to me, actually rely upon this test, but instead upon the possible effects the transmission lines may have upon the property. In my view, these "possibilities" are not evidence that can be found in the record, but instead are the proposed evidence of the majority. The evidence in the record indicates that both Purdy and Gardner denied that the placement of the lines on their property would either increase or decrease the value of the property. It appears that the only effects of placement of the lines which concerned both Purdy and Gardner were visual. Further, payment for an easement across Purdy's property had been made *prior* to the application to the Planning and Zoning Commission. Purdy stated at this deposition that he felt there was no conflict of interest because he "had gained all the money [he] would ever gain whether they put it [the transmission lines] there or not." The only further protest made by Purdy at the hearing was to the placement of anoth-

er set of transmission lines running parallel to another set on the opposite side of the highway. Purdy states "We didn't want parallel lines down within 200′ of each other because it just seemed awfully ridiculous, expensive."

The majority should take note that I.C. § 67–6506 only prohibits participation in a proceeding when the member has an *economic interest.* The statute does not, however, address other concerns that a member may have, such as an interest in preserving the aesthetics of the property involved. From the record, it appears to me that both Gardner's and Purdy's main concern was for the visual impact that the proposed route would have on the thousands of persons who drive the road. In my view, respondents have thus failed to show how Purdy and Gardner are in violation of I.C. § 67–6506. I would reverse the ruling of the district court.