828 P.2d 913

**PAN AMERICAN ASSURANCE COMPANY, Petitioner–Appellant,**

v.

**DEPARTMENT OF INSURANCE, State of Idaho, Respondent.**

No. 19140.

Court of Appeals of Idaho.

April 2, 1992.

Elam, Burke & Boyd, Boise, for petitioner-appellant. Robert M. Tyler, Jr., argued.

Larry EchoHawk, Atty. Gen.; Thomas J. Holden, Deputy Atty. Gen., Boise, for respondent. Thomas J. Holden argued.

WALTERS, Chief Judge.

This is an appeal from a district court order upholding an administrative penalty against an insurance company for violations of the Insurance Code. We affirm.

### Facts

Pan American Assurance Company (Pan American) is an insurance company based in New Orleans, Louisiana, and authorized to do business in the state of Washington. Pan American did not have a certificate of authority to transact insurance business in Idaho, however, when in May, 1987, its agents submitted an application for insurance on the life of Doris Bostrom of Potlatch, Idaho. Although Part I of the application accurately identified Bostrom's place of residence, one of the insurance agents had written "Spokane, Wa" as the location where the application had been signed when, in fact, it had been signed in Idaho.

Part II of the application, relating to Bostrom's medical history and forwarded to the insurance company after her medical examination, correctly reflected that it had been executed in Idaho. Pan American accepted Bostrom's application and premium payment of $5,400 and issued her a life insurance policy.

Some months later a dispute arose between Bostrom and Pan American concerning an additional premium charge. Bostrom claimed that the insurance agents had informed her there would be no further premiums due, and complained to the Idaho Department of Insurance. It was only as a result of the Department's involvement in the matter that Pan American's management learned, over a year after the fact, that Part I of Bostrom's insurance application had been executed in Idaho and not Washington as represented by the agents. Pan American responded by immediately refunding Bostrom her premium payment and canceling her policy. Pan American also terminated its contracts with the two Washington insurance agents and demanded return of the sales commission it had paid them.

The Idaho Department of Insurance (the Department) subsequently instituted an administrative proceeding against Pan American and its agents. Adopting the findings and conclusions of the hearing officer, the Director of the Department determined that (1) through its agents Pan American had solicited insurance in Idaho, in violation of I.C. § 41–1030; (2) by its acceptance of Bostrom's application and its issuance of an insurance policy to her, Pan American had transacted insurance in Idaho without a certificate of authority, in violation of I.C. § 41–305(1); and (3) Pan American had paid a sales commission to agents who were not authorized to make that sale of insurance, in violation of I.C. § 41–1063(1). Pursuant to the authority granted in I.C. § 41–327, the Director assessed an administrative penalty against Pan American in the amount of $1,000.[1] Pan American petitioned the district court for judicial review

---

1. In a related proceeding, the Director also sanctioned one of the insurance agents who had submitted Bostrom's application. That action is not part of this appeal.

of the Director's decision under I.C. § 67–5215. The court concluded there was no error, upheld the Director's decision and denied Pan American's petition. Pan American then brought this appeal from the district court proceeding.

Pan American does not contest the Director's findings of fact or legal conclusions. Nor has Pan American challenged the state's jurisdiction to subject it to the penalty. The only issue raised in this appeal concerns the discretionary imposition of the penalty in the absence of evidence that any corporate or managerial officer of Pan American ever ratified, authorized or participated in the falsification of Bostrom's application for insurance.

## Standard of Review

 Judicial review of an administrative decision rendered by the Director of the Department of Insurance is governed by the procedures set forth in the Administrative Procedure Act, I.C. § 67–5215. *See* I.C. § 41–242. Appeals from the district court in administrative cases are taken in a manner provided by law for appeals in other civil cases. I.C. § 67–5216. Where, as here, the issues are the same as those considered by the district court in reviewing an agency's administrative decision, the appellate court will review the record with due regard for, but independently from, the district court's determination. *Ferguson v. Board of County Com'rs for Ada County*, 110 Idaho 785, 718 P.2d 1223 (1986); *Salinas v. Canyon County*, 117 Idaho 218, 786 P.2d 611 (Ct.App.1990). A discretionary decision made by an administrative agency may be set aside where substantial rights of the appellant have been prejudiced because the decision is characterized by abuse of discretion or clearly unwarranted exercise of discretion. I.C. § 67–5215(g)(6).

 Idaho Code § 41–327(1) grants the Director of the Department of Insurance discretionary authority to impose an administrative penalty not to exceed $5,000 if he finds, after a hearing, "that the insurer has violated ... any provision of this code." When conducting appellate review of an exercise of discretion, the relevant inquiry is whether the lower tribunal rightly perceived the issue as one of discretion; whether it acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and whether the tribunal reached its decision by an exercise of reason. *See Standards of Appellate Review in State and Federal Courts*, § 3.4, IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc., 2d ed. 1989).

The record reflects that the Director recognized his statutory authority and properly identified the assessment of an administrative penalty as a discretionary matter. Focusing on the next tier of our analysis, we consider whether, in addition to the requirements contained in I.C. § 41–327(1), there exist particular legal standards applicable to the Director's decision to impose the penalty and whether the Director acted within those standards.

## Applicable Legal Standards

 Pan American contends that, because it never authorized its agents to transact insurance in Idaho, and because none of its managing or policy-making agents or corporate officers were involved in the agents' misconduct, it should not be subject to an administrative penalty. In support of its position, Pan American cites the general rule, recognized in Idaho, that a corporation cannot be punished for the wrongful acts of its agents absent proof that its higher officials either authorized, participated in, or ratified those acts. *See Boise Dodge, Inc. v. Clark*, 92 Idaho 902, 453 P.2d 551 (1969) (rule applied to punitive damages claim); *State v. Adjustment Dept. Credit Bureau, Inc.*, 94 Idaho 156, 483 P.2d 687 (1971) (rule applied to criminal charge of extortion). Pan American argues that this rule should apply here. We disagree.

In *Adjustment Dept. Credit Bureau*, the Idaho Supreme Court explained that, where intent is an essential element of the offense, the mere fact of an agency relationship was insufficient to hold the corporation penally responsible for the unauthorized acts of its agents. 94 Idaho at 159–

60, 483 P.2d at 690–91, *citing Boise Dodge, Inc., supra.* Thus, where a penal statute requires *mens rea,* a corporation may be held liable only upon proof that it either authorized, participated in or ratified the wrongful acts. *Id.* However, the Court recognized that penal statutes requiring intent were distinguishable from those statutes which hold corporations strictly liable for the acts of their agents; where a penal statute does not contain a "state of mind" requirement, a corporation may be punished for the unlawful acts of its agents regardless of authorization, knowledge, or ratification by higher corporate officials. *Id.* 94 Idaho at 159–60, 483 P.2d at 690–91; *accord* 18B AM.JUR.2D *Corporations* §§ 2134–2141 (1985).

In this case, Pan American was found to have committed acts specifically defined by the Code as acts for which *an insurer* is held strictly accountable. Thus, section 41–1030 declares it unlawful for "an insurer to solicit insurance *through its agents*" other than as provided by law. The Code also proscribes "an insurer" from effecting an insurance contract without a certificate, or from paying a sales commission to agents for unlawful insurance transactions. I.C. 41–305(1); I.C. § 41–1063(1). Although the violation of these three provisions arguably resulted from the agents' submission of the false application, Pan American nonetheless is responsible under the statutes, and is subject to sanctions.

### Reasonableness of the Penalty

■ Finally, we address the reasonableness of the Director's imposition of the $1,000 penalty. Pan American argues that because the violations are rooted in the unauthorized misconduct of its agents, which occurred without any knowledge or involvement by its higher officials, the penalty assessed against the corporation fails to achieve the underlying purpose of deterrence and therefore should be reversed. We are unpersuaded.

In deciding to impose the penalty, the Director expressly took into account the mitigating factors on Pan American's part, including Pan American's cooperation with the Department, its prompt refund of Bostrom's premium, and the cancellation of its contracts with the Washington insurance agents. However, the Director also took particular note of the fact that Part II of Bostrom's insurance application clearly indicated that the application had been executed in Idaho. The Director concluded that, even if initially misled by the first part of the application, Pan American was put on notice that the transaction occurred in Idaho when the company received Part II and should have inquired further before issuing the policy.

Based upon consideration of these facts and circumstances, the Director decided to impose a $1,000 penalty against Pan American. Recognizing that the Director had authority to assess a penalty five times that amount, we conclude that the penalty was reasonable.

### Conclusion

Finding no abuse of discretion, we uphold the award. The district court's order is therefore affirmed. Costs to respondent, Department of Insurance; no attorney fees on appeal allowed.

SWANSTROM and SILAK, JJ., concur.