671 P.2d 471

Gary LOVE and La Ree Love, husband and wife; Dennis Taylor and Cora Jean Taylor, husband and wife; Brent Gamble and Marjorie Gamble, husband and wife; George Katseanes and Kathryn Katseanes, husband and wife; John Williams; C.L. Williams Estate, LeGrand Williams Personal Representative; Eugene Talbot and Joyce Talbot, husband and wife; Scott Vail and Vicki Vail, husband and wife; Lee Gregerson and Corinne Gregerson, husband and wife; Douglas Merrill and Carol Merrill, husband and wife; Mark Adams and Carol Adams, husband and wife; George Perschon and Renee Perschon, husband and wife; Virgil Bradshaw and Julia Bradshaw, husband and wife; Terry Bradshaw and Ann Bradshaw, husband and wife; Milton Dalley and Martha Dalley, husband and wife; Ed Crumley and Brenda Crumley, husband and wife; Ralph Dalley and Joyce Dalley, husband and wife; Alan Parkinson and Marilyn Parkinson, husband and wife; Dale Phillips and Carolyn Phillips, husband and wife; Kelly Bingham and Teressa Bingham, husband and wife; Beth Smith; John Smith and Jean Smith, husband and wife; and Steven Dalley and Dejuana Dalley, husband and wife; and Doug Williams, Plaintiffs-Respondents,

v.

BOARD OF COUNTY COMMISSIONERS OF BINGHAM COUNTY, Idaho, Defendants-Appellants.

No. 14419.

Supreme Court of Idaho.

Oct. 21, 1983.

Colin W. Luke, Deputy Bingham County Pros. Atty., Blackfoot, for defendants-appellants.

R.M. Whittier of Whittier & Souza, P.A., Pocatello, for plaintiffs-respondents.

DONALDSON, Chief Justice.

On March 6, 1981, Mr. and Mrs. Havens and Noranda Mining Co., jointly filed a formal application for reclassification of property owned by the Havens from the then "A" Agricultural classification to the "M" Manufacturing classification. Subsequent to that application, a public hearing was held on April 15, 1981, before the Bingham County Planning and Zoning Commission. Subsequently the Commission recommended that the Bingham County Commissioners grant the proposed zone change. After a public hearing on May 13, 1981, the Commissioners granted the change by adopting an ordinance amendment on June 22, 1981.

On July 2, 1981, the plaintiffs-respondents, owners of real property in the vicinity of the Havens' property, filed a Notice of Appeal in the district court challenging the rezoning. Under I.C. § 67–6521, the district court was empowered to review on appeal the rezoning decision of the County Commissioners. *Hill v. Board of County Commissioners,* 101 Idaho 850, 623 P.2d 462 (1981); *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 614 P.2d 960 (1980); *Cooper v. Board of County Commissioners,* 101 Idaho 407, 614 P.2d 947 (1980).

Section 67–6521(d) provides that the procedure for judicial review is as "provided by sections 67–5215(b) through (g) and 67–5216, Idaho Code." The review is confined to the record. I.C. § 67–5215(f). The power of the district court is limited by § 67–5215(g) which provides:

"(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Oral argument was waived and on November 20, 1981, the district court issued a Memorandum Decision and Order stating that as a matter of law the findings of fact from the County Commissioners were insufficient, that a search of the record and transcript indicated that the rezoning was not in accordance with the comprehensive plan, and that the decision of the Commissioners was reversed. The County has appealed from this decision.

■ The enactment of a comprehensive plan is a precondition to the validity of zoning ordinances. I.C. § 67–6511 ("The zoning districts shall be in accordance with the adopted plan"); *State v. City of Hailey,* 102 Idaho 511, 633 P.2d 576 (1981); *Dawson Enterprises, Inc. v. Blaine County,* 98 Idaho 506, 511, 567 P.2d 1257, 1262 (1977). It follows a fortiori that an amendment to a zoning ordinance must also be in accordance with the adopted plan. I.C. § 67–6511; *see Dawson, supra,* at 511, 567 P.2d at 1262. The findings of the Commissioners contained the following conclusory language that "[t]he proposed change in zone classification is in accordance with the intent and policy of the Comprehensive Plan of Bingham County, State of Idaho." This is not a finding of fact, but rather a conclusion of law which if erroneous may be corrected on judicial review.

■ From our review of (1) the Bingham County Comprehensive Plan,[1] (2) the

1. The Bingham County Comprehensive plan as part of its stated purpose provides that:

"Only through proper use can the Plan's worth be fully realized. Mere adoption will

not accomplish this end. It must be studiously pursued to implementation.

"... The comprehensive plan is a policy document, intended to be used as a guide by

findings of fact of the Commissioners regarding the petition for zone reclassification, and (3) the ordinance amendment, we agree with the district court that as a matter of law the findings of fact are insufficient to support the conclusion that the amendment was in accordance with the comprehensive plan. The district court's decision reversing the decision of the Commission was appropriate because of the Commission's failure to make written findings in support of its conclusions. Pursuant to I.C. § 67–5215(g) the case is remanded to the County Commissioners for further proceedings.[2]

Affirmed and remanded.

Costs allowed to the respondents.

No attorney fees on appeal.

BAKES, BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, J., concurs in result.

public officials in the preparation of precise plans, provisions for public facilities, and adoption of pertinent laws and ordinances and by citizens in the development of land. *The comprehensive plan should be followed as closely as reason, justice, and its own general character make practical and possible....* The comprehensive plan should be amended when such amendment is found necessary and desirable.... The comprehensive plan should be used by all agencies and individuals whose duties, responsibilities and/or activities relate to the matters covered by the plan. The comprehensive plan has value only through use, and the rapid and complicated growth patterns can be correlated only by reference to a comprehensive plan.... The Plan designates places for basic land uses, community facilities and transportation networks. These have been studied, analyzed and placed in the Plan.... A strong commitment toward the preservation and enhancement of the social, economic and physical assets in the Bingham County Regional Planning Commission's Planning Area is the overriding board [sic] purpose of the Plan." (Emphasis added.)

The plan also provides with respect to agricultural considerations that:

"*Agricultural Considerations:*

"The land use base of agriculture is a natural resource which is irreplaceable and which often suffers in urban expansion. This natural resource cannot be created nor increased. Preservation of the irreplaceable agricultural land is essential as far as it is reasonable.

"The purpose of this land classification and its application, therefore, is to accomplish this objective by discouraging encroachment of urban sprawl development by establishing a high minimum area standard and permitting only agricultural production or closely related uses on the land. When urban development consumes open land in the proximity of the existing urban area, the agricultural land of less than five acres should be released for conversion to more intensive urban development, provided the land used more intensively is served or will be served within a reasonable period of time with utilities and other services expected in urban type development."

2. Our holding does not preclude further proceedings which could result in a valid rezoning of the Havens' property. To be valid the rezoning decision must be supported by adequate findings of fact to support a conclusion that the zoning amendment was in accordance with the plan. Perhaps the comprehensive plan will need to be amended as envisioned by I.C. § 67–6511(c).

The district court acknowledged that the plan could be amended:

"The Bingham County Comprehensive Plan also contemplates a review and updating process, i.e. an annual review and amendment when necessary. Plan, p. 2 sec. 4. The Bingham County Plan has general goals and policies as well as some specific directives. The original Plan was adopted in 1972. The Plan was updated an enacted pursuant to the statutory mandate of the Local Planning Act, apparently in 1975. The record reveals no evidence of a review or update of the Plan since that time."