856 P.2d 1283

**IDAHO COUNTY NURSING HOME,**
Petitioner–Appellant,

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Respondent.**

No. 20033.

Supreme Court of Idaho,
Boise, February 1993 Term.

July 28, 1993.

Lojek, Gabbert & Strother, Boise, for petitioner-appellant. Donald W. Lojek argued.

Larry EchoHawk, Atty. Gen. and Bradford D. Goodsell, Deputy Atty. Gen., Boise, for respondent. Bradford D. Goodsell argued.

BENGTSON, Judge Pro Tem.

## BACKGROUND

In 1987, appellant, Idaho County Nursing Home ("ICNH"), appealed to the District Court of the Fourth Judicial District from the Final Decision and Order of the Idaho Department of Health and Welfare (the "Department") entered on February 12, 1987, which disallowed $47,140.67 of costs incurred by ICNH in caring for Medicaid patients.

On appeal, the district court remanded the proceedings to the Department to redetermine whether ICNH was efficiently operated and whether it was entitled to reimbursement of those costs disallowed by the Department in its February 12, 1987, Final Decision and Order. On such remand, the Department determined that the ICNH facility was inefficient and therefore concluded, once again, that ICNH was not entitled to reimbursement of the costs previously disallowed by the Department. The district court thereupon affirmed the decision of the Department disallowing such costs.

ICNH then appealed to this Court from the district court's decision. Our opinion on rehearing of such appeal, *Idaho County Nursing Home v. Idaho Dep't of Health &*

*Welfare,* 120 Idaho 933, 821 P.2d 988 (1991), (hereinafter "ICNH I"), sets out the background and the facts relevant to this case in considerable detail and will not be recounted here.

In *ICNH I* we reversed the decision of the district court and ordered "remand for further proceedings to determine whether [ICNH] was efficiently operated and to what extent its costs above the percentile cap are justified." *ICNH I,* 120 Idaho at 940, 821 P.2d at 995.

Upon such remand, the district court, on May 29, 1992, filed its Memorandum Decision ordering that the matter be remanded to the Department stating:

The Supreme Court expressly concluded "we ... remand for *further proceedings to determine whether Idaho Nursing was efficiently operated and to what extent its costs above the percentile cap are justified.*" 120 Idaho [at] 940 [821 P.2d at 995]. (Emphasis added.) The court also observed that "[b]eyond [merely showing that Idaho Nursing had costs which exceeded the percentile cap] the record does not demonstrate or establish that Idaho Nursing was inefficient." *Id.*

From such express language, it seems clear to me that the Supreme Court has remanded to this Court, to simply in turn remand to the Department of Health and Welfare so that the agency can properly determine, in accordance with the procedures set forth in the Supreme Court's decision, whether Idaho Nursing's costs, above the percentile cap, were incurred inefficiently. Had the Supreme Court intended that judgment be entered for plaintiffs at this time, I believe that it could and would have done so itself.

Accordingly, this matter must be remanded to the Department of Health and Welfare; and

IT IS SO ORDERED.

## ISSUE ON APPEAL

In the instant appeal, ICNH states the issue on appeal is whether remand to the

administrative agency is appropriate under the facts of this case and Idaho law."

## DISCUSSION

Succinctly, ICNH argues that on remand of *ICNH I* the district court should have entered judgment in favor of ICNH rather than remanding the matter to the Department. We disagree.

In *ICNH I* we held:

(A) The Department found as a matter of fact that ICNH was operated inefficiently based solely upon evidence that its per diem patient costs exceeded the percentile cap prescribed by I.C. § 56–103, and noted that under I.C. § 56–110(a) "[a] rebuttable presumption exists with respect to costs above the basic payment that a facility incurring such costs is not economically and efficiently operated ... and that such costs are not reasonable." However, we also noted that under 16 IDAPA 3.10254.-07(f) reimbursement will be limited to the percentile cap "unless the Provider can demonstrate to the Department of Health and Welfare that his facility was operated efficiently ... and that the costs incurred in excess of the percentile cap were beyond his control;" and that in such case "costs in excess of the cap will be allowed to the extent that they are justified by this process...." *Id.,* 120 Idaho at 937, 821 P.2d at 992.

(B) That a review of the record demonstrated that section 56–110(a), I.C. statutory presumption was rebutted by ICNH by proof that some of the costs incurred in excess of the percentile cap were beyond its control. We therefore held that the rebutted presumption could not be used to bar reimbursement to ICNH and that the Department's finding of inefficiency "must be based on some evidence in addition to the (rebutted) presumption to show that the facility was inefficiently operated." (Parenthetical word added.) *Id.,* 120 Idaho at 939, 821 P.2d at 994. Further, we held that once the statutory presumption has been

rebutted "the Department must then prove that the facility is inefficiently operated in order to deny payments for those costs that exceed the percentile cap." *Id.,* 120 Idaho at 939, 821 P.2d at 994.

(C) That since ICNH produced evidence at the departmental hearing sufficient to overcome—or at least "neutralize"—the statutory presumption of inefficient operation, ICNH had made a *prima facie* case that the costs in excess of the percentile cap were reasonable. 120 Idaho at 938–39, 821 P.2d at 993–94.

Critical to our decision in *ICNH I* was the fact that the Department's conclusion of inefficient operation on the part of ICNH was predicated upon the rebutted presumption of inefficiency which, in turn, was based solely upon the facts that the disallowed costs exceeded the percentile cap. The Department made no other findings of fact to support the conclusion that ICNH was inefficiently operated.

We concluded in *ICNH I* that since the rebutted presumption of inefficiency did not support the Department's decision, this matter must be remanded "for further proceedings," 120 Idaho at 940, 821 P.2d at 995, *citing Love v. Board of County Comm'rs,* 105 Idaho 558, 671 P.2d 471 (1983), *appeal after remand,* 108 Idaho 728, 701 P.2d 1293 (1985), and I.C. § 67–5215(g).

In *Love,* this Court agreed with the district court's conclusion that the findings of fact made by the county commissioners did not support the latter's decision, and concluded that, pursuant to I.C. § 67–5215(g),[1] the matter must be remanded to the county commissioners "for further proceedings."

The county commissioners in *Love* had granted a proposed zone change after a public hearing. On appeal, the district court held that as a matter of law the findings of fact by the county commissioners were "insufficient" and reversed the decision of the commissioners.

On appeal by the county commissioners to this Court we held that the pertinent finding of fact by the commissioners was not a finding of fact but rather was a conclusion of law. In footnote 2 to our decision in *Love* we made the following comment in support of our order that the matter be remanded to the county commissioners for further proceedings stating: "[t]o be valid the rezoning decision must be supported by adequate findings of fact to support a conclusion that the zoning amendment was in accordance with" the Bingham County Comprehensive Plan.

In *Love,* the county commissioners' decision was not supported by adequate findings of fact (the pertinent "finding of fact" being a conclusion of law). In *ICNH I* the Department's decision appealed from was not supported by adequate findings of fact (the finding being, as we noted, merely a restatement of the statutory presumption which had been rebutted by *ICNH* at the departmental hearing).

Thus, in both *Love* and *ICNH I,* the administrative agency's decision was not supported by adequate findings of fact and we remanded each of such cases "for further proceedings" pursuant to I.C. § 67–5215(g) since we cannot substitute our judgment for that of the agency as to the weight of the evidence on questions of fact.

In *University of Utah Hospital v. Clerk of Minidoka County,* 114 Idaho 662, 760 P.2d 1 (1988), we clearly held:

> Under Idaho's Administrative Procedures Act, I.C. § 67–5201 *et seq.,* ... when an appeal is brought to a district court and the findings of fact to be re-

---

1. I.C. § 67–5215(g) provides, in pertinent part: "... The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decision are: ... (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; ..."

viewed are missing or inadequate the district court should remand the case to the county commission. See *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 655 P.2d 926 (1982), (stating that failure to hold otherwise would be to authorize the district court to substitute its judgment for that of the agency despite the express provision prohibiting such action in subsection (g) of I.C. § 67–5215).

Since we held in *ICNH I* that the Department's findings of fact were inadequate to support its decision, we conclude that the district court, upon our remand, did not err in further remanding this case to the Department. Such further remand by the district court was appropriate in light of our decisions in *Love, University of Utah Hospital,* and *Workman, id.*

■ However, such conclusion does not fully dispose of this appeal. The district court's Memorandum Decision from which this appeal is taken orders "... remand to the Department of Health and Welfare so that the agency can properly determine, in accordance with the procedures set forth in the Supreme Court's decision, whether Idaho Nursing's costs, above the percentile cap, were incurred inefficiently...."

Unfortunately, such order fails to provide guidance ·to the Department as to whether, on such remand, the Department is to conduct a further evidentiary hearing or to merely review the evidentiary record now before it and enter findings and conclusions relative to the inefficiency of operation issue based solely upon the present evidentiary record generated by the hearings already conducted by the Department.

We are here compelled to note that in *ICNH I,* this Court likewise failed to adequately instruct the district court as to what steps it should take on the remand. ICNH argues in the instant appeal that the district court, upon remand in *ICNH I,* should merely have entered judgment in its favor. We disagree.

In the Memorandum Decision appealed from in the instant appeal the district court opined: "... had the Supreme Court intended that judgment be entered for (ICNH) at this time, I believe it could and would have done so itself."

As correctly perceived by the district court it was not our intention that the district court enter judgment in favor of ICNH on remand of *ICNH I.* Thus, the only action that the district court could have taken was to further remand to the Department.

ICNH argues on pages 10 and 11 of its opening brief:

Certainly there is no law in this state that we keep remanding to the agency time after time until by some dumb luck the agency finally gets something worthwhile into the record or the appellant, finding himself wearied by all of this retires to a bed at the ICNH.

We agree with such contention to the extent that we now hold that upon the district court's remand to the Department no new evidence may be presented and that the Department shall merely make specific findings of fact and conclusions of law on the inefficiency issue based solely upon the *present* evidentiary record.

ICNH suggests further that this Court should now enter an order directing the district court to enter judgment in favor of ICNH because of the following language in our opinion in *ICNH I:*

[T]he testimony and evidence at the hearing demonstrated that the facility was operated in an efficient manner and there was no finding that the employee benefits were unreasonable. Nor was there a finding that the employee benefits caused the nursing facility to be inefficient or uneconomically operated.

*ICNH I,* 120 Idaho at 940, 821 P.2d at 995.

ICNH seems to focus on the language "the testimony and evidence at the hearing demonstrated that the facility was operated

in an efficient manner" and argues "given that finding by the highest Court in this State" the only action which could have been taken by the district court on remand in *ICNH I* was to enter judgment in favor of ICNH. (Appellant's Brief p. 11.)

It is not the function of an appellate court on an appeal taken under I.C. § 67–5215 to make findings of fact. I.C. § 67–5215(g); *University of Utah Hospital, Love, Balser v. Kootenai County Board of Comm's*, 110 Idaho 37, 714 P.2d 6 (1986).

It was not, by our language in *ICNH I*, quoted above, our intention to find as a matter of fact that ICNH was operated efficiently. Had we so intended, it would have exceeded our limited scope of review prescribed by I.C. § 67–5215(g). Thus, we did not, as contended by ICNH, enter any finding of fact as to efficiency of operation of ICNH in *ICNH I*.

Since the finding of fact supporting the Department's decision appealed from in *ICNH I* was inadequate, as discussed above, it would have been appropriate for us to remand the case to the Department in keeping with our decisions in *Love* and *University of Utah Hospital*. Unfortunately, our language of remand in *ICNH I* did not specifically order remand to the Department, but merely ordered a "remand for further proceedings to determine whether [ICNH] was efficiently operated and to what extent its costs above the percentile cap are justified." The district judge wisely remanded to the Department, obviously based upon *Love* and *University of Utah Hospital*.

We therefore find no error on the part of the district court in remanding this matter to the Department. However, we vacate the district court's Memorandum Decision of May 29, 1992, which is the subject of this appeal, and now remand this matter to the district court to enter an order further remanding this matter to the Department with instructions that the Department make specific findings of fact and conclusions of law with respect to the questions of whether ICNH was efficiently operated and to what extent its costs above the percentile cap are justified based solely upon the *present* evidentiary record and, thus, without the taking of any new or additional evidence.

Costs to respondent. No attorney fees on appeal.

McDEVITT, C.J., BISTLINE, JOHNSON and TROUT, JJ., concur.