882 P.2d 437

Thomas C. POLITTE, Claimant–
Respondent,

v.

IDAHO DEPARTMENT OF TRANSPOR-
TATION, Employer and State Insurance
Fund, Surety, Defendants–Appellants.

No. 20617.

Supreme Court of Idaho,
Lewiston, April 1994 Term.

Aug. 18, 1994.

Rehearing Denied Oct. 20, 1994.

Larry EchoHawk, Atty. Gen., Randall,
Blake & Cox, Lewiston, for appellants. Jay
P. Gaskill, argued.

Landeck, Westberg, Judge & Graham,
P.A., Moscow, for respondent. Charles L.
Graham, argued.

JOHNSON, Justice.

This is a workers' compensation case. We
conclude that the employer did not present
substantial evidence contrary to the pre-
sumption contained in I.C. § 72–228 that the
employee's injury arose out of his employ-
ment.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Thomas C. Politte (the employee) was employed by the Idaho department of transportation (the department) as a highway maintenance worker. On October 11, 1988, the employee worked his regular shift from 7:00 a.m. until 4:00 p.m., tending to routine maintenance chores at a highway rest area. When the employee arrived home from work at approximately 4:15 p.m., he was disoriented, weak, and unable to speak. The employee was taken to a hospital where he was diagnosed as suffering a stroke. Although the employee received extensive therapy and rehabilitation after the stroke, he remains partially paralyzed, and his ability to communicate is severely impaired.

The employee filed a claim for workers' compensation benefits. The department and the state insurance fund (SIF), its surety, denied the claim. The employee applied to the Industrial Commission for a hearing to determine whether or not his stroke was work-related, the extent of his impairment and disability, and his entitlement to attorney fees. The Commission bifurcated the hearing, and proceeded first to determine whether the employee was entitled to the presumption contained in I.C. § 72–228 and whether he had suffered an accident causing an injury arising out of his employment. I.C. § 72–228 provides in pertinent part:

> In any claim for compensation, where the employee has been killed, or is physically or mentally unable to testify, and where there is unrebutted prima facie evidence that indicates that the injury arose in the course of employment, it shall be presumed, in the absence of substantial evidence to the contrary, that the injury arose out of the employment. . . .

At the hearing, the department offered the testimony of two of the employee's supervisors to prove that there was no causal connection between employee's injury and his work with the department. In addition, the department introduced, and the Commission admitted, a letter from a cardiovascular surgeon (the surgeon), stating:

> I have had the opportunity to review the medical records which you sent recently on Mr. Politte. Based on those records, it is my opinion that the cerebrovascular accidents suffered by Mr. Politte in 1988 had no cause or relationship with his employment. Other recognized "risk factors" in Mr. Politte's history would include hypertension, hypercholesterolemia, hypertriglyceridemia, and elevated blood glucose. These factors all increase the risk of symptomatic vascular disease.

> In answer to your second question, therefore, the hypertension was not a preceding symptom of a possible stroke but rather one of several so-called risk factors.

Following the hearing, the Commission found that the employee was "unable to testify" within the meaning and intent of I.C. § 72–228, and that the employee's stroke commenced while the employee was at work on October 11 and, therefore, arose in the course of his employment. The Commission concluded that the employee was entitled to the benefit of the presumption in I.C. § 72–228. The Commission then examined whether the department had produced the substantial evidence necessary to rebut the statutory presumption that the employee's injury arose out of his employment. Although the Commission found the testimony of the employee's supervisors credible, it also found that the testimony did not rebut the presumption in I.C. § 72–228 because it was not proof of a medical nature. The Commission also concluded that the surgeon's letter did not constitute substantial evidence contrary to the presumption that the employee's injury arose out of the employment with the department. The Commission noted, among other things, that the foundation of the surgeon's opinion was unknown.

The department appealed, and the matter was set for oral argument. Prior to argument, however, the Court issued an order dismissing the appeal on the grounds that there was no final appealable order from the Commission. The parties thereafter stipulated to the extent of the employee's disability and the amount of his medical expenses and wages. The Commission adopted the stipulated facts as its findings and awarded

the employee workers' compensation benefits for total permanent disability commencing October 11, 1988, as well as past and present medical benefits. The department appealed.

## II.

### THE DEPARTMENT DID NOT PRESENT SUBSTANTIAL EVIDENCE THAT THE EMPLOYEE'S INJURY DID NOT ARISE OUT OF HIS EMPLOYMENT.

■ The department asserts that it presented substantial evidence that the employee's injury did not arise out of his employment. We disagree.

■ The Court's review of the correctness of the Commission's application of I.C. § 72–228 is a question of law. *Evans v. Hara's, Inc.,* 123 Idaho 473, 475, 849 P.2d 934, 936 (1993). In this appeal, our task is to determine whether there is substantial evidence contrary to the presumption that the injury arose out of the employee's employment with the department. This is a different standard of review than the standard for reviewing factual findings of the Commission where we look to see if there is substantial and competent evidence to sustain the findings. *E.g., Nelson v. David L. Hill Logging,* 124 Idaho 855, 865 P.2d 946 (1993). In this case, we are not called on to defer to the Commission's fact finding, but rather to determine, pursuant to I.C. § 72–228, whether "the employer has come forward with substantial affirmative evidence to indicate that the accident did not arise out of the employment...." *Evans,* 123 Idaho at 478, 849 P.2d at 939.

The department offered the surgeon's letter as medical evidence that the employee's injury did not arise out of his employment. The employee objected to the admission of the letter on the basis of *Larson v. State,* 79 Idaho 446, 320 P.2d 763 (1958), and on the basis that there was an inadequate foundation for the opinion contained in the letter. Although the Commission admitted the letter, in rendering its decision after the hearing, the Commission concluded that the letter did not contain substantial evidence that was contrary to the presumption that the injury

arose out of the employee's employment. In doing so, the Commission stated, among other things, that the "uncertain foundation" for the opinion contained in the letter caused the Commission to conclude that the surgeon's "opinion is not evidence which a reasonable mind would accept to support a conclusion."

■ The Commission correctly stated the test for determining if evidence is substantial. *See Kinney v. Tupperware Co.,* 117 Idaho 765, 769, 792 P.2d 330, 334 (1990) ("Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion."). In determining whether the opinion of the surgeon contained in the letter constitutes substantial evidence, we must go beyond a mere reading of the letter. The admission of the letter at the hearing does not have the same significance that the admission of evidence in a trial in the district court would have. We have recently reaffirmed that the Commission is not governed by the same rules of evidence as courts of law. *Evans,* 123 Idaho at 478, 849 P.2d at 939. The admission of the letter did not constitute a ruling that the Commission accepted the opinion contained in the letter as substantial evidence. Likewise, we are not bound to accept the opinion without subjecting it to the scrutiny necessary to determine whether a reasonable mind might accept the opinion to support a conclusion that the employee's injury did not arise out of his employment.

The surgeon's letter is addressed to the claims examiner for SIF, and begins with the statement that the surgeon had reviewed the medical records the claims examiner had sent to the surgeon concerning the employee. The surgeon then states an opinion "[b]ased on those records." The only reference in the hearing before the Commission concerning the medical records upon which the surgeon based the opinion is contained in the following statement by the attorney for SIF when the letter was offered in evidence: "This report is the result of having received the medical evidence that is in the file, now Exhibit 2, 3 and .... 4." There is no verification in the evidence presented to the Commission that the medical records contained in these exhibits were the medical records the

surgeon received from the claims examiner. This raises serious questions concerning what records the surgeon used to arrive at the opinion contained in the letter. We conclude that a reasonable mind would not accept the opinion as being contrary to the presumption that the injury arose from the employee's employment with the department. Therefore, the surgeon's opinion did not constitute substantial evidence.

The Commission also concluded that the testimony of the employee's supervisors is not sufficient to prevent the application of the presumption contained in I.C. § 72–228 because the evidence that may be considered for this purpose must be medical evidence. We agree. The causal relationship of an injury to the claimant's employment must be supported by at least some medical proof. *Hadden v. A & P Tea Co.*, 94 Idaho 861, 864, 499 P.2d 560, 563 (1972).

## III.

## CONCLUSION.

We affirm the Commission's order.

We award costs on appeal, but not attorney fees, to respondent.

McDEVITT, C.J., BISTLINE and SILAK, JJ., and JUDD, J. Pro Tem., concur.