918 P.2d 1201

**SKYVIEW–HAZELDEL, INC.,**
Plaintiff–Appellant,

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Defendant–Respondent.**

No. 22358.

Supreme Court of Idaho,
Lewiston, May 1996 Term.

June 20, 1996.

Lojek & Strother, Chtd., Boise, for appellant. Donald W. Lojek argued.

Alan G. Lance, Attorney General; Willard R. Abbott, Deputy Attorney General, argued, Boise, for respondent.

JOHNSON, Justice.

This is a Medicaid reimbursement case. We conclude that although Skyview–Hazeldel (Skyview) rebutted the presumption in I.C. § 56–110(a), it failed to prove that it is entitled to reimbursement for the costs at issue in this appeal.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

Skyview is a nursing home that participates in the Medicaid program run by the Idaho Department of Health and Welfare (the department). Through this program, Skyview is reimbursed for certain costs it spends on the medically indigent. The department is responsible for reviewing Skyview's expenses and deciding which it must legally reimburse.

Each year, the facilities that participate in the Medicaid program submit cost reports to the department. The department uses the reports to determine which of a facility's costs are reimbursable. One of the rules for determining a facility's reimbursable costs is known as the "percentile cap." I.C. §§ 56–103, –110(a) (1994). Under this rule, the department totals the facility's costs and divides them by the facility's "patient days" to arrive at a cost per patient per day amount. This is called the facility's ratio. After adjusting for inflation and other factors, the department establishes the percentile cap by comparing the ratios of all the facilities. If a facility's ratio is over the percentile cap, the department may deny those costs.

In 1986, Skyview's ratio was over the percentile cap and the department would not reimburse it for that amount. Skyview requested an administrative hearing to appeal the department's denial. After a hearing in September 1988, the hearing officer denied Skyview's appeal because Skyview had not "met its burden of pro[ving]" its costs were beyond its control or that it was efficiently operated. *See* I.C. § 56–110(a); IDAPA 16.03.10.254.11.f. (This Court, as well as both parties, have cited the appropriate IDAPA rule as 16.03.10.254.07.f, apparently because the department's copy of the administrative code cites this section; however, according to the official publication of the administrative code, the appropriate cite has always been IDAPA 16.03.10.254.11.f.). In March 1989, the department adopted the hearing officer's findings, conclusions, and order in full.

Skyview appealed the department's decision to the district court. In December 1989, the district court ruled that IDAPA 16.03.10.254.11.f was inconsistent with I.C. § 56–110(a) because it required a showing that the facility's costs were beyond its control. It remanded the case to the hearing officer to decide whether Skyview was efficiently operated during the cost period.

The hearing officer held a hearing at which no additional evidence was presented and issued a new opinion in May 1990. The new opinion concluded that Skyview had not produced credible, convincing evidence that it had operated the facility efficiently. The department adopted the second opinion in full. Through inadvertence, however, it did not do so until 1995.

In 1991, this Court issued *Idaho County Nursing Home v. Idaho Dep't of Health & Welfare*, 120 Idaho 933, 821 P.2d 988 (1991) (*ICNH I*). Like the present case, *ICNH I* dealt with I.C. § 56–110(a) and IDAPA

16.03.10.254.11.f. Because *ICNH I* held that IDAPA 16.03.10.254.11.f was consistent with I.C. § 56–110(a), it effectively overruled the district court's opposite decision in the present case. When Skyview appealed the department's 1995 order to the district court, the district court had the benefit of the *ICNH I* opinion. The district court concluded that the department's order followed the law announced in *ICNH I*, was supported by the record, and was not arbitrary, capricious, or an abuse of discretion. Skyview appealed.

## II.

### SKYVIEW REBUTTED THE PRESUMPTION IN I.C. § 56–110(a).

■ Skyview asserts that the hearing officer incorrectly concluded that Skyview failed to rebut the presumption in I.C. § 56–110(a). We agree.

If a facility appeals the department's decision not to pay the facility's costs which exceed the percentile cap, I.C. § 56–110(a) and IDAPA 16.03.10.254.11.f guide the hearing officer's decision on whether the department's denial is appropriate. I.C. § 56–110(a) states:

> A rebuttable presumption exists with respect to costs above [the percentile cap] ... that a facility incurring such costs is not economically and efficiently operated, taking into account economic conditions and trends during the period covered by such costs, and that such costs are not reasonable.

IDAPA 16.03.10.254.11.f states:

> Reimbursement of costs ... will be limited to the percentile cap unless the provider can demonstrate to the Department of Health and Welfare that his facility was operated efficiently during the cost reporting period and that the costs incurred in excess of the percentile cap were beyond his control. In such case, costs in excess of the cap will be allowed to the extent that they are justified by this process.

This Court explained the relationship between I.C. § 56–110(a) and IDAPA 16.03.10.254.11.f in *Idaho County v. Idaho Dep't of Health & Welfare*, 96.11 ISCR 431,

128 Idaho 846, 920 P.2d 62 (1996) (*ICNH III*) and in *ICNH I*, 120 Idaho 933, 821 P.2d 988 (1991). *See also Idaho County Nursing Home v. Idaho Dep't of Health & Welfare*, 124 Idaho 116, 117–18, 856 P.2d 1283, 1284–85 (1993) (*ICNH II*) (restating the relationship described in *ICNH I*). Idaho Code § 56–110(a) creates a presumption that a facility over the percentile cap is inefficient and has unreasonable excess costs. IDAPA 16.03.10.254.11.f effectuates I.C. § 56–110(a) by making the facility show that it is efficient and that costs in excess of the percentile cap are beyond its control.

■ To rebut the presumption in I.C. § 56–110(a), a facility must demonstrate that some of its costs were beyond its control. *ICNH III* at 432, at 849, 920 P.2d at 65; *ICNH I* at 939, 821 P.2d at 994. If the facility rebuts the presumption, the presumption disappears and the facility has the burden of proving that it was efficiently operated and that its costs were reasonable. *ICNH III* at 432, at 849, 920 P.2d at 65; *ICNH I* at 938, 821 P.2d at 994 (explaining that a facility has the burden of proving its right to reimbursement). By showing that Skyview had a ratio above the percentile cap, the department raised a presumption that Skyview was inefficiently operated and that its costs above the percentile cap were unreasonable. I.C. § 56–110(a). Skyview had a duty to respond by producing evidence from which a reasonable person could conclude that some of its costs were beyond its control. Whether Skyview produced such evidence is a question of law subject to free review by this Court.

Skyview produced evidence of two different costs which were beyond its control. First, in August 1986 the department published in the local newspaper its intention to decertify Skyview and eliminate it from the Medicaid program. According to Skyview, the publication caused its occupancy to fall, which in turn caused its ratio to go up. Second, Skyview claims that although it met the minimum nursing requirements, the department required it to hire more nurses in order to remain in the Medicaid program and

keep its certification. Skyview contends that hiring more nurses caused its costs to rise.

To show that its occupancy decline was due to bad publicity, Skyview presented three witnesses and an exhibit which showed a patient per day summary for 1980 through 1986. Two witnesses, Skyview's owner and administrator and Skyview's former owner and administrator, testified that the occupancy dropped due to bad publicity generated by the department in August 1986. The exhibit that Skyview offered, however, refutes the two witnesses' testimony. One witness testified that in his experience over the seven years that he operated the facility, occupancy rates would drop to a low in the summer and then begin to rise in the fall. But the exhibit shows that (1) the low point was different in different years, and (2) that if there was any pattern in occupancy rates, the rise began in June, not in the fall.

One witness testified that Skyview lost 3000 patient days in the five months following the bad publicity. But the exhibit shows that from August to September 1986, Skyview only lost 183 Medicaid patient days; from September to October it actually gained 221; from October to November it lost 15; and from November to December it gained 70.

One witness testified that Skyview lost only Medicaid patients due to the bad publicity, not private patients. But the exhibit reveals the opposite: Skyview lost private patients from August through December, but gained Medicaid patients.

The exhibit contradicts the witnesses' testimony that the occupancy dropped due to bad publicity. Skyview presented no other evidence that any drop in occupancy was statistically correlated to the bad publicity. Because the only evidence Skyview presented was contradictory, a reasonable person could not conclude that Skyview's occupancy dropped because of bad publicity.

Skyview also claims that as a result of the surveys done by the department in May, July, and August 1986, the department forced it to hire additional nurses even though Skyview already employed the minimum number of required nurses. The two witnesses testified that after the surveys, the department told Skyview that it would be necessary to increase its staff to continue to be certified. One witness supported this testimony by naming several people from the department who told him that he had to hire help over the minimum or Skyview would be decertified. He also testified that from January to August Skyview spent about $80,000 on nursing salaries, but in September and October it spent about $93,000 because of the new staff.

There is also documentary evidence to support Skyview's claim that the department forced it to hire more nurses. This evidence is contained in the surveys that the department conducted. In the May survey, the surveyor wrote that "[a]lthough the facility meets the state minimum requirements for hours of care, the facility does not provide sufficient nursing services to residents." In the July survey, the surveyor wrote that the "facility does not provide 24–hour nursing services sufficient to meet residents' basic needs." The surveyor repeated this complaint in the August survey.

Based on this evidence, a reasonable person could conclude that the department forced Skyview to hire more nurses than the minimum required. Such a cost would be beyond Skyview's control. By presenting this evidence, Skyview rebutted the presumption in I.C. § 56–110(a).

### III.

**THE DEPARTMENT CORRECTLY CONCLUDED THAT SKYVIEW FAILED TO PROVE THAT IT WAS EFFICIENTLY OPERATED AND THAT ITS COSTS WERE REASONABLE.**

After rebutting the presumption contained in I.C. § 56–110(a), Skyview had to meet its burden of proving that it was efficient and that its costs were reasonable. To prove that its costs were reasonable, Skyview could prove that its costs were beyond its control.

Whether Skyview proved it was efficient and that its costs were reasonable is a question of fact, and I.C. § 67–5279 (1995)

establishes our standard of review. I.C. § 56–133(e) (1994). The Court may not substitute its judgment for that of the department as to the weight of the evidence on questions of fact. I.C. § 67–5279(1); *Sprenger, Grubb & Assocs., Inc. v. City of Hailey,* 127 Idaho 576, 580, 903 P.2d 741, 745 (1995). We must affirm the department's order unless it violates statutory or constitutional provisions, exceeds the agency's authority, is made upon unlawful procedure, is not supported by substantial evidence, or is arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(3); *Sprenger* at 580, 903 P.2d at 745. Evidence is substantial if a reasonable mind could accept the evidence as support for a conclusion. *Politte v. Idaho Dep't of Transp.,* 126 Idaho 270, 272, 882 P.2d 437, 439 (1994).

In the decision adopted by the department, the hearing officer concluded that Skyview had not met its burden of proof. She stated that Skyview had not produced sufficient evidence to prove that the department forced it to hire more nurses. Also, she concluded that Skyview had not "proven by credible, convincing evidence that it was operated efficiently."

The hearing officer based her finding that Skyview had not proven that the department forced it to hire additional nurses on the inadequacy of the evidence Skyview presented. She stated that Skyview did not present any evidence establishing how many additional nurses were required or how much the addition added to costs. She also stated that Skyview did not present any evidence that it was required to provide more than the minimum nursing care required of all facilities. The hearing officer's conclusion reflects the weight she gave to the evidence, so we will not substitute our judgment for it. In addition, our review of the record shows that Skyview failed to introduce evidence of what its required minimum level of nurses was and how many more nurses it had to hire. It also failed to connect the increase in its costs specifically to the new nurses it allegedly had to hire. Therefore, a reasonable mind could accept this evidence as supporting the hearing officer's conclusion.

The hearing officer based her conclusion that Skyview had not proven it was efficiently run on the inadequacy of the evidence Skyview presented. The two witnesses and a nonaffiliated nurse who surveyed the facility each stated that Skyview was efficiently run. One witness claimed he could think of no way he could have reduced his costs. The hearing officer stated that this evidence was "general and conclusory." She concluded that Skyview had not "proven by credible, convincing evidence that it was operated efficiently during the cost reporting period." The hearing officer's conclusion reflects the weight she gave to the evidence, so we will not substitute our judgment for it.

The hearing officer weighed the evidence and made findings of fact supported by substantial evidence. There is no basis for concluding that the department's order denying Skyview its reimbursement was in violation of a statutory provision, was made upon unlawful procedure, was based on an error of law, was clearly erroneous, or was arbitrary and based upon an abuse of discretion as Skyview argues.

## IV.

## CONCLUSION

We affirm the department's order.

We award the department costs on appeal. The department did not request attorney fees.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.