986 P.2d 343

**SPRENGER, GRUBB & ASSOCIATES, INC., Plaintiff–Appellant,**

v.

**CITY OF HAILEY, Idaho, Defendant–Respondent.**

No. 24483.

Supreme Court of Idaho.
Twin Falls, February 1999 Term.

Aug. 12, 1999.

Rehearing Denied Oct. 19, 1999.

Rosholt, Robertson & Tucker, Twin Falls, for appellant. Gary D. Slette argued.

Susan C. Baker, Hailey City Attorney, Hailey, argued for respondent.

WALTERS, Justice.

This is an administrative appeal from Hailey City Council Ordinance No. 691 rezoning 12.6 acres of property (the Property) owned by Sprenger, Grubb & Associates from a Business "B" designation to a General Residential "GR" designation. We hold that the ordinance is invalid because Hailey's compre-

hensive land use plan did not comply with the Local Land Use Planning Act (LLUPA).

## BACKGROUND AND PRIOR PROCEEDINGS

This is the City's second attempt to rezone the property. The property was given a "B" designation upon its annexation in 1973 as part of the Woodside Subdivision. In 1993, the Hailey City Council adopted Ordinance No. 623 rezoning the property from "B" to Limited Business "LB." In a previous appeal, this Court rejected Sprenger's contention that the ordinance was invalid as applied to Sprenger's property. *Sprenger Grubb & Assoc., Inc. v. City of Hailey*, 127 Idaho 576, 903 P.2d 741 (1995). However, the ordinance was subsequently held invalid because the City had failed to comply with notice requirements under the LLUPA, and the property's "B" designation was reinstated. *Castle, et al. v. City of Hailey*, CV–96–2837 (5th Dist., Blaine County 1996). Shortly thereafter, on October 21, 1996, the Hailey City Council adopted Ordinance No. 691 again rezoning the property—this time from "B" to "GR." The district court affirmed Hailey's decision, and Sprenger brought this appeal.

Sprenger argues that Ordinance No. 691 is invalid because Hailey's comprehensive plan, upon which the ordinance is based, does not contain all components required by the LLU-PA. We agree.

## STANDARD OF REVIEW

This case is presented under the Idaho Administrative Procedures Act as an appeal from a municipality's zoning decision. Accordingly, the City's decision may be reversed only if it is (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedures; (4) not supported by substantial evidence on the record as a whole; or (5) arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(3). An "agency action shall be affirmed unless substantial rights of the appellant have been prejudiced." I.C. § 67–5279(4); *Angstman v. City of Boise*, 128 Idaho 575, 917 P.2d 409 (Ct.App.1996).

## ANALYSIS

The LLUPA, Idaho Code § 67–6501 *et seq.*, was enacted in 1975. The LLU-PA provides both mandatory (I.C. § 67–6503) and exclusive (*Gumprecht v. City of Coeur d' Alene*, 104 Idaho 615, 661 P.2d 1214 (1983)) procedures for the implementation of planning and zoning. Section 67–6508 provides that:

*It shall be the duty of the planning or planning and zoning commission to conduct a comprehensive planning process designed to prepare, implement, and review and update a comprehensive plan,* hereafter referred to as the plan. The plan shall include all land within the jurisdiction of the governing board. The plan shall consider previous and existing conditions, trends, desirable goals and objectives, or desirable future situations for each planning component. The plan with maps, charts, and reports *shall be based on the following components* as they may apply to land use regulations and actions unless the plan specifies reasons why a particular component is unneeded.

(a) Property Rights—An analysis of provisions which may be necessary to insure that land use policies, restrictions, conditions and fees do not violate private property rights, adversely impact property values or create unnecessary technical limitations on the use of property and analysis as prescribed under the declarations of purpose in chapter 80, title 67, Idaho Code.

. . .

(e) Land Use—An analysis of natural land types, existing land covers and uses, and the intrinsic suitability of lands for uses such as agriculture, forestry, mineral exploration and extraction, preservation, recreation, housing, commerce, industry, and public facilities. *A map shall be prepared indicating suitable projected land uses for the jurisdiction.*

I.C. § 67–6508 (emphasis added). In *Love v. Bd. of Cty. Com'rs of Bingham*, 105 Idaho 558, 671 P.2d 471 (1983), this Court stated "[t]he enactment of a comprehensive plan is a precondition to the validity of zoning ordinances." *Id.* at 559, 671 P.2d at 472 (citing

I.C. § 67–6511). Although not explicitly stated in *Love*, it necessarily follows that a valid comprehensive plan is a precondition to the validity of zoning ordinances.

Hailey does have a comprehensive plan. The first was adopted in 1973, prior to the enactment of the LLUPA. The second, and currently existing, comprehensive plan was adopted in 1982. However, Hailey concedes that this comprehensive plan, as it existed when Ordinance No. 691 was adopted, contained neither a land use map nor a property rights component.

 Hailey contends that its comprehensive plan is valid because it contains all of the components required by § 67–6508 except a land use map and a property rights component.[1] We find no support for such a position. Section 67–6508 provides that "[t]he plan ... *shall* be based on the following components ... *unless* the plan specifies reasons why a particular component is unneeded." (Emphasis added.) Section 67–6508(e) provides that "[a] map *shall* be prepared indicating suitable projected land uses for the jurisdiction." (Emphasis added.) This language is clear, unambiguous, and unmistakably mandatory. Thus, we conclude that a valid comprehensive plan must contain each of the components as specified in § 67–6508, unless the plan articulates a reason why a particular component is unneeded.

Hailey argues that the absence of a land use map and property rights component is merely a temporary defect. With regard to the land use map, this argument has no merit. The legislature's requirement of a land use map was contained within the original LLUPA when the statute was enacted in 1975. 1975 Idaho Sess. Laws ch. 188. The act provided that all necessary amendments be made by January 1, 1977. I.C. § 67–6510. The absence of a land use map after January 1, 1977, cannot be excused as temporary. The property rights component, on the other hand, was added by amendment in 1995, and the legislature did not address the question of when existing comprehensive plans must be updated. 1995 Idaho Sess. Laws ch. 181. Accordingly, the absence of a property rights component in October 1996, when Ordinance No. 691 was adopted, can more plausibly be defended as a temporary but remediable circumstance. However, because we hold that the absence of a land use map rendered Hailey's comprehensive plan invalid, we do not address the effect of such an amendment upon the continuing validity of a valid comprehensive plan.

We hold that Hailey's comprehensive plan, as it existed when Ordinance No. 691 was adopted, did not comply with the LLUPA. Consequently, Ordinance No. 691 is invalid.

## CONCLUSION

The district court's decision affirming Hailey City Council Ordinance No. 691 is reversed. Costs on appeal are awarded to appellant, Sprenger, Grubb & Associates. Although the appellant sought an award for attorney fees on appeal under I.C. § 12–117(1) as an additional claim in its issues on appeal, the appellant failed to include any argument or authority in its opening brief as required by I.A.R. 35(a)(6). Accordingly, no attorney fees on appeal are awarded. *Weaver v. Searle Bros.*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998).

Chief Justice TROUT, Justices SILAK, SCHROEDER and KIDWELL, concur.

---

1. Hailey cites *State v. City of Hailey*, 102 Idaho 511, 633 P.2d 576 (1981) in support of its position. In *City of Hailey*, this Court considered Hailey's prior version of its comprehensive plan. This Court did not invalidate the plan despite the absence of two components required under § 67–6508:(1) population, and (2) implementation. *Id.* (Bistline, J. dissenting). We do not find *City of Hailey* to be controlling because this Court never addressed the issue now raised by Sprenger in the present case. In *City of Hailey*, the Court considered Hailey's plan in light of a vagueness challenge; it did not consider the effect of absent components. Consequently, *City of Hailey* does not support Hailey's position in this case.